In the Matter of the ESTATE OF Norman Herbert PEDERSEN, Deceased.

Ernest F. PEDERSEN, Personal Representative, Petitioner and Appellee,

v.

Hilda H. JOHNSON, formerly Hilda H. Pedersen, Respondent and Appellant.

Civ. No. 880065.

Supreme Court of North Dakota.

Nov. 8, 1988.

Steven K. Aakre of Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, for petitioner and appellee.

A.W. Stokes of Johnson, Johnson, Stokes & Kragness, Ltd., Wahpeton, for respondent and appellant.

VANDE WALLE, Justice.

Hilda Johnson, formerly Hilda Pedersen, appealed from an order approving the final account and distribution of her husband's estate. We reverse and remand for further proceedings.

Norman Herbert Pedersen died on January 13, 1984. Norman's will provided, in pertinent part:

"II

"I devise and bequeath to my spouse, HILDA PEDERSEN, all my household goods and Fifty percent (50%) of all cash assets including but limited to checking accounts, certificates of deposits, stocks, bonds, and United States Treasury Bills. I further devise and bequeath to my spouse, HILDA PEDERSEN, to have and to hold during her natural life, my home at Otter Lake, Minnesota. I devise and bequeath the remainder to those surviving beneficiaries named in Clause III.

"III

"All the rest of my estate, of real and personal property, which I own or have a power of appointment, I devise and bequeath as follows: To my brother, ERNEST PEDERSEN, Twenty–Five Percent (25%); to my sister-in-law, THELMA PEDERSEN, Fourteen Percent (14%); to my sister-in-law, LYDIA BARTH, One Percent (1%) and to the SHRINERS HOSPITAL for Crippled Children, or its successor TWIN CITIES UNIT, 2025 East River Road, Minneapolis, MN, Ten Percent (10%)."

The will nominated Norman's brother Ernest as personal representative of the estate.

Although numerous hearings were held during the probate of Norman's will, the parties offered no testimony and none of the hearings was on the record. Following one such hearing the trial court issued an order dated November 29, 1985, which included a determination that paragraph III of Norman's will is a residuary clause. The court interpreted paragraph III to devise the residue of the estate in the following percentages: 50 percent to Ernest Pedersen, 28 percent to Thelma Pedersen, 2 percent to Lydia Barth, and 20 percent to the Shriners Hospital.

Other nonevidentiary hearings followed, eventually culminating in a proposed order of final distribution drafted by the estate's attorney. Hilda filed objections to the proposed distribution. On December 8, 1987, the trial court signed the proposed order approving the final distribution and discharging the personal representative.

Hilda subsequently made a motion requesting that the court issue findings of fact on her objections to the proposed distribution. The court had not ruled on that motion when Hilda's notice of appeal was filed on February 11, 1988.

Hilda raises two issues on appeal:

I. Did the trial court err when it ordered that the devise to Hilda under the will was subject to costs of administration?

II. Did the trial court err in failing to make findings of fact?

Hilda asserts that the devise to her under paragraph II of Norman's will should not be subject to costs of administration.

Section 30.1–20–02(1), N.D.C.C. [U.P.C. § 3–902], governs abatement of devises when the testator has not specifically expressed his intent:

"1. Except as provided in subsection 2 and except as provided in connection with the share of the surviving spouse who elects to take an elective share,

shares of distributees abate, without any preference or priority as between real and personal property, in the following order:

"a.  Property not disposed of by the will.

"b.  Residuary devises.

"c.  General devises.

"d.  Specific devises.

"For purposes of abatement, a general devise charged on any specific property or fund is a specific devise to the extent of the value of the property on which it is charged, and upon the failure or insufficiency of the property on which it is charged, a general devise to the extent of the failure or insufficiency. Abatement within each classification is in proportion to the amounts of property each of the beneficiaries would have received if full distribution of the property had been made in accordance with the terms of the will."

Thus, under the statute costs of administration are paid out of property not disposed of by the will and out of the residuary devises before a general or specific devise is assessed.

■ Hilda argues that the devise to her in paragraph II is either specific or general, and that the devise to the other beneficiaries in paragraph III is residuary. Ernest counters that all of the devises in paragraphs II and III are general and that, being of the same class, each devise should be proportionately charged with the costs of administration.

In this case there is an apparent inconsistency between the trial court's November 29, 1985, order and the final distribution approved by the court on December 8, 1987. The devise to Hilda appears to be partially specific and partially general: the devise of household goods and the lake home [1] is specific, while the devise of fifty percent of all cash assets appears to be general. In any event, the devise to Hilda clearly is not residuary. The trial court, however, determined in its November 29, 1985, order that the devise in paragraph III to the other beneficiaries *was* residuary. Thus, if the order of abatement required by Section 30.1-20-02(1), N.D.C.C., is applicable, the costs of administration should have been charged first against the residuary devise.

The trial court, without any explanation, ordered that Hilda's devise would be subject to fifty percent of the costs of administration. We are unable to discern from the record on appeal any reasoning for the trial court's departure from the statutory order of abatement. Under the circumstances presented, we believe it is appropriate to remand the matter to the trial court for further proceedings to clarify this issue.

■ Ernest asserts that the final distribution requiring Hilda to contribute to the costs of administration is appropriate because otherwise Norman's intent to provide for a number of beneficiaries would be defeated. Ernest relies upon Section 30.1-20-02(2), N.D.C.C., to support his contention:

"2.  If the will expresses an order of abatement, or if the testamentary plan or the express or implied purpose of the devise would be defeated by the order of abatement stated in subsection 1, the shares of the distributees abate as may be found necessary to give effect to the intention of the testator."

Ernest points to no language in Norman's will which expressly points to a different method of abatement, nor does there appear to be any indication in the will that the statutory order of abatement would defeat Norman's testamentary intent. Ernest presented no evidence in the trial court which would indicate an intent by Norman that the devise to Hilda be subject to costs of administration. Finally, there is no indication that the trial court relied upon Section 30.1-20-02(2) or Norman's intent in holding that Hilda's devise was subject to costs of administration.[2]

---

1.  We note that prior to his death Norman transferred title to the lake home to himself, Ernest, and Ernest's wife in joint tenancy, and it was therefore not included as a probate asset.

2.  We also note the Editorial Board Comment to Section 30.1-20-02, N.D.C.C., which suggests that a devise to a wife is to be preferred over other devises in the same class:

Hilda also asserts that the trial court erred in failing to make findings of fact on her objections to the proposed order of distribution. Hilda concedes, however, that she never requested an evidentiary hearing on her objections, never attempted to present evidence or take testimony, and never attempted to depose any witness who might have been able to present testimony relevant to the issues raised in her objections. It is obvious that without any evidence the court cannot make factual findings. Although we do not endorse the extremely informal procedures employed by the trial court in this case, certainly the parties bear some responsibility to provide the trial court with evidence on the relevant issues. We find no error in the trial court's failure to make findings of fact on Hilda's objections.

We reverse and remand for further proceedings consistent with this opinion.

ERICKSTAD, C.J., and MESCHKE and GIERKE, JJ., concur.

LEVINE, Justice, concurring specially.

I concur in the result and as much of the rationale that supports the conclusion that the trial court should spell out its reasons for allocating attorney's fees among all of the beneficiaries. In my view, Hilda Pedersen received a general devise, not a specific one. Because the order of November 29, 1985 denominated the devise to the other beneficiaries as a residuary devise, I agree that § 30.1–20–02(1), NDCC, would require that the costs of administration be charged first against the residuary devisees before they are assessed against Hilda Pedersen, a general devisee. That appears to leave § 30.1–20–02(2) as the only basis to support the trial court's allocation of attorney's fees. Since application of that section is

dependent on factual findings, I agree we should require from the trial court some expression of its rationale.

"A testator may determine the order in which the assets of his estate are applied to the payment of his debts. If he does not, then the provisions of this section express rules which may be regarded as approximating what testators generally want. The statutory order of abatement is designed to aid in resolving doubts concerning the intention of a particular testator, rather than to defeat his purpose. Hence, subsection 2 directs that consideration be given to the purpose of a testator. This may be revealed in many ways. Thus, it is commonly held that, even in the absence of statute, general legacies to a wife, or to persons with respect to which the testator is in loco parentis, are to be preferred to other legacies in the same class because this accords with the probable purpose of the legacies."